**SOCIAL SECURITY ADMINISTRATION**

Refer To: 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

Office of Hearings and Appeals
815 OLIVE ST RM 220
ST. LOUIS, MO 63101

Date:

AUG 2 9 2002

*[handwritten: 314-367-6600 Doctors Building Suite 201 100 North Euclid Ave Saint Louis  Kings Hiway West Pine]*

HARVEY D. CANTRELL
C122 SOUTH MORRISON
CASEYVILLE, IL 62232

## NOTICE OF DECISION – FAVORABLE

Enclosed is the Administrative Law Judge's decision on your claim. This notice gives you information about what you can do if you disagree with the decision. Please read this notice and the decision carefully.

### This Decision is Favorable To You

Another office of the Social Security Administration will process the decision and will send you a notice about your benefits. Your local Social Security office or another Social Security office may ask you for more information before you receive the notice about your benefits. If this happens, please answer promptly.

You should hear something about this decision within 60 days. If you do not, contact your local Social Security office.

### If You Disagree With The Decision

If you disagree with the Administrative Law Judge's decision, you may appeal to the Appeals Council. You must do this by filing written exceptions. Exceptions are your statements explaining why you disagree with the decision of the Administrative Law Judge.

Mail the written statement of your exceptions to:

Appeals Council, Office of Hearings and Appeals
5107 Leesburg Pike
Falls Church, VA 22041-3255

You must file your written exceptions **within 30 days** from the date you receive this notice. The Appeals Council assumes that you receive this notice within five days after the date shown on it unless you show that you did not receive it within the five-day period.

See Next Page

HARVEY D. CANTRELL (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)                                    Page 2 of 3

If you need more time to file your written exceptions, you must file a written request for additional time with the Appeals Council within 30 days of the date you receive this notice. If you request more than a 30-day extension of time, you must explain why you need the extra time.

Please **include the Social Security number(s)** shown on the decision on any paper you send to the Appeals Council.

The Appeals Council will consider your exceptions and the parts of the decision that you disagree with. The Appeals Council may also consider those parts that you do not disagree with.

If the Appeals Council concludes that further action is necessary, it will either return your case to an Administrative Law Judge for further action or issue a decision. If the Appeals Council issues a decision, its decision may be either more or less favorable to you than the decision of the Administrative Law Judge.

If the Appeals Coucil concludes that there is no reason to change the Administrative Law Judge's decision, it will notify you in writing why your exceptions do not warrant a change.

If you submit written exceptions and the Appeals Council does not change the decision of the Administrative Law Judge, that decision becomes the final decision of the Commissioner after remand.

Any future claim you may file will not change a final decision on this claim if the facts and issues are the same.

**If You Do Not File Written Exceptions**

Even if you do not file exceptions, within 60 days from the date shown below the Appeals Council may review your case on its own motion. The Appeals Council will notify you if it decides to review your case, and will advise you what action it proposes to take.

If the Appeals Council does not review your case on its own motion and you do not file exceptions, we will forward a copy of the decision and transcript of the record in your case to the United States Attorney, for filing with the court when required. You have the right to pursue your civil action with the court.

**New Application**

You have the right to file a new application at any time, but filing a new application is not the same as filing exceptions to this decision. You might lose benefits if you file a new application instead of filing written exceptions to this decision. My decision could also be used to deny any new application for insurance benefits, if the facts and issues are the same. So, if you disagree with this decision, you should file exceptions within 30 days.

See Next Page

HARVEY D. CANTRELL (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)                                    Page 3 of 3

**If You Have Any Questions**

If you have any questions, you may call, write or visit any Social Security office.  If you visit an office, please bring this notice and decision with you.  The telephone number of the local office that serves your area is (618)482-9110.  Its address is

> 650 Missouri Ave., Room 104
> East St. Louis, IL 62201.

> William E. Kumpe
> Administrative Law Judge

Enclosure

cc:  JEFFREY BUNTEN
     505 NORTH 7TH STE.2309
     ST LOUIS, MO 63101

1-314-241-9666

## SOCIAL SECURITY ADMINISTRATION
### Office of Hearings and Appeals

## ORDER

**IN THE CASE OF**

**CLAIM FOR**

HARVEY D. CANTRELL
_____
(Claimant)

Period of Disability and
Disability Insurance Benefits
_____

_____
(Wage Earner)

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
_____
(Social Security Number)

I approve the fee agreement between the claimant and his representative subject to the condition that the claim results in past-due benefits.

My determination is limited to whether the fee agreement meets the statutory conditions for approval and is not otherwise excepted. I neither approve nor disapprove any other aspect of the agreement.

_William E. Kumpe_
_____
William E. Kumpe
Administrative Law Judge

Date   AUG 2 9 2002

## SOCIAL SECURITY ADMINISTRATION
### Office of Hearings and Appeals

### DECISION

**IN THE CASE OF**                                   **CLAIM FOR**

Period of Disability and
Disability Insurance Benefits

HARVEY D. CANTRELL
(Claimant)

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
(Wage Earner)                                   (Social Security Number)

### INTRODUCTION

The claimant filed his current application for disability insurance benefits on February 26, 1996 alleging disability as of September 12, 1995. The application was denied initially and upon reconsideration, and the claimant filed a timely request for hearing. The claimant appeared and testified at a hearing before Administrative Law Judge David R. Murchison on October 15, 1996 in Mobile, Alabama. Subsequent to the hearing, on November 25, 1996, Judge Murchison issued an unfavorable decision, denying the claimant's application for benefits. The Appeals Council affirmed that decision on April 15, 1998 following request for review by the claimant. Thereafter, on March 3, 1999, the United States District Court for the Southern District of Alabama denied the Commissioner's motion and remanded the case to the Commissioner for further administrative proceedings. The case is captioned as Civil Action No. 98-0602-P-M. Accordingly, on May 10, 2001, the Appeals Council vacated the prior decision, and remanded the case to an Administrative Law Judge for further proceedings consistent with the Order of the Court. This case is now properly before the undersigned Administrative Law Judge pursuant to the Appeals Council's Remand Order. A hearing was subsequently held on April 17, 2002 in St. Louis, Missouri. Appearing and offering testimony at the hearing were the following: the claimant, J. Stephen Dolan, a qualified vocational expert, Allan G. Barclay, Ph.D., a qualified medical expert, Morris Alex, M.D., a qualified medical expert, and Shirley Pinkston, the claimant's sister. Jeffrey Bunten, Attorney at Law, represents the claimant in this matter.

Judge Murchison found that the claimant suffered from very minimal degenerative disc disease at L4-L5, minimal anterior spurring at C6-C7, and ulnar neuritis, and that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. However, he found that despite these impairments

HARVEY D. CANTRELL (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)                                      Page 2 of 7

the claimant had the residual functional capacity to perform less than a full range of light work. A vocational expert present at the hearing testified to a hypothetical question that the claimant could perform work as a self-service cashier, and a parking lot attendant.

The decision issued by Judge Murchison on November 25, 1996 contains a thorough and detailed summary of the testimony from the prior hearing, as well as the medical evidence and opinions then available to him. That summary will not be repeated in this decision, but is instead incorporated by reference. That prior decision, although formally vacated, remains a part of the record in this case. The District Court is familiar with the evidence. The analysis of the evidence in that decision is also incorporated, except to the extent that it may be invalid, incomplete, or otherwise inconsistent with the analysis in this decision.

In the Order dated May 10, 2001, the United States District Court for the Southern District of Alabama ordered the undersigned to allow a de novo hearing.

The claimant originally alleged disability beginning September 12, 1995 due to low back, neck and arm pain, and left wrist damage. However, the claimant, through his attorney, Jeffrey Bunten, has amended his alleged onset date to July 1, 2000 (Exhibit 13B).

## ISSUES

The general issue is whether the claimant is entitled to a period of disability and Disability Insurance Benefits under sections 216(i) and 223 of the Social Security Act. The specific issue is whether he is under a disability, which is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months.

With respect to the claim for Disability Insurance Benefits, there is an additional issue pertaining to insured status. A review of the claimant's earnings record reveals that he has earned sufficient quarters of coverage to remain insured through December 31, 2001.

After a thorough evaluation of the entire record, it is concluded that the claimant has been disabled since July 1, 2000.

## EVALUATION OF THE EVIDENCE

The claimant is a 42-year-old individual with a limited 8th grade education and past relevant work as a tree trimmer and truck driver. He has not engaged in substantial gainful activity at any time since the alleged onset date.

The claimant has the following medically determinable severe impairments: bilateral plantar fasciitis, degenerative disc disease of the lumbar spine, lumbar pain with sciatica, and degenerative disc disease of the cervical spine, borderline intellectual functioning, depression, and a somatoform disorder.

HARVEY D. CANTRELL (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)                                        Page 3 of 7

The claimant does not have an impairment that meets or equals the criteria of any listed impairment. A determination must therefore be made of whether he retains the residual functional capacity to perform the requirements of his past relevant work or can adjust to other work.

Prior to the request for hearing in this case, medical consultants with the State disability determination service made assessments regarding the nature and severity of the claimant's impairments, and concluded that the claimant had physical and/or mental capabilities greater than those being established in this decision. The findings by these consultants are part of the record of this case, and are considered expert opinion on the issue of the claimant's medical capabilities and limitations. Social Security Ruling 96-6p.

However, the Administrative Law Judge is not bound by the findings made by State agency consultants. The opinions of treating and examining physicians or psychologists are commonly extended greater weight in disability decisions because they have actually examined the claimant and usually have at least as much relevant medical expertise as do the State agency consultants. The opinion of a treating physician, especially, is usually entitled to greater weight in the decision-making process because of the length, nature and extent of the treatment relationship with the claimant. 20 CFR 404.1527 and 416.927. Also, at the hearings level, the responsibility for deciding a claimant's residual functional capacity rests with the Administrative Law Judge (20 CFR 404.1546 and 416.946), who in most cases has access to medical reports and opinions and live testimony which were not available to the State agency consultants and which often suggest a more restricted medical capacity than that established at the initial and reconsideration determination levels.

The claimant testified that he cannot work because of swelling in his back. He testified that he was last seen at the VA hospital in April 2001 when he was given muscle relaxation medication and told to see an orthopedic surgeon. The claimant testified that he has an upcoming appointment with an orthopedist. He also testified that he takes aspirin daily. The claimant testified that he can sit for 30 minutes at a time, stand 15 – 20 minutes at a time, and lift up to 15 pounds. He stated that walking is painful. The claimant testified that he has problems with his left wrist, and numbness in his right hand to the point that the joints feel like they are stuck. He indicated that he is not able to get medication for this because his doctor feels it would be addictive.

The claimant's sister testified that he cannot walk up and down stairs. He spends most of his time on the couch or in bed. She testified that the claimant does not eat or bathe regularly. She indicated that the claimant talks to himself, and is moody. She indicated that he can go for days without leaving the house.

The medical records of evidence indicate that the claimant injured his left wrist in 1980 and has intermittent pain and weakness ever since. He also has a history of a laceration of his right forearm that has caused continued pain and weakness. However, the claimant indicated that his main problem is the pain in his lower back. The claimant has a history of low back pain from a work-related injury on September 12, 1995.

HARVEY D. CANTRELL (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)                                   Page 4 of 7

Medical records dated March 18, 1999 from the Veteran's Administration indicate that the claimant complained of bilateral foot pain that occurs every morning when getting up out of bed, and it will eventually go away until the next morning. The claimant was referred to physical therapy where he was diagnosed with bilateral plantar fasciitis. He was given arch supports, and told to use ice massage and stretching to ease the pain. The records indicate that the claimant reported pain improvement and was discharged from therapy.

Additional records from the VA hospital show that the claimant has right shoulder pain that radiates down his arm and keeps him awake at night. William B. Luchtefeld, a nurse practitioner gave him Oxaprozin to use sparingly. On May 6, 2002 the claimant returned to get a new evaluation for his chronic back pain (Exhibit 10F).

Bruce T. Vest Jr., M.D. examined the claimant in a consultative examination on October 29, 2001. Dr. Vest indicated that a physical examination showed tenderness over the lower lumbar spine from L3 to the sacrum, a positive straight leg raising test bilaterally, and mild tenderness in the cervical area with mild restriction of range of motion. Dr. Vest diagnosed degenerative disc disease of the lumbar spine, lumbar pain with sciatica, and degenerative disc disease of the cervical spine. Dr. Vest opined that the claimant can lift up to 20 pounds occasionally and 10 pounds frequently, and stand and walk at least two hours in an 8-hour workday, but that he would not be able to perform a full range of light work because he will have mild to moderate deficits in prolonged standing, walking, lifting, and carrying, and will be limited in repetitive bending, twisting, stooping, crawling and crouching (Exhibit 8F).

Jack Tippett, M.D., an orthopedic surgeon performed a consultative examination of the claimant on May 28, 2002. Physical examination revealed some mild tenderness in his neck and a limited range of motion. He had tenderness throughout the lumbar region, a minimal decrease in flexion and abduction of the right shoulder and mild tenderness in both wrist regions. Dr. Tippett diagnosed chronic low back strain, chronic intermittent strain of the left wrist, and a history of trigger finger. An x-ray of the lumbar spine showed mild hypertrophic changes. An x-ray of the cervical spine showed degenerative and hypertrophic changes at C6-7 with irregular narrowing of intervertebral disc space (Exhibit 11F). Dr. Tippett completed a physical medical source statement indicating that the claimant can lift and carry up to 20 pounds occasionally, and 10 pounds frequently, and stand and walk at least two hours in an 8-hour workday, but he would not be able to perform a full range of light work because he is limited to no more than occasional pushing and pulling with his upper extremities, climbing, balancing, kneeling, crouching, crawling, stooping, reaching overhead, handling, and fingering. Dr. Tippett based his conclusions on the medical findings of soreness in his right shoulder, mild weakness in left wrist, painful snapping (triggering) of right ring finger, intermittent pain and soreness in low back, and soreness and stiffness in his neck (Exhibit 11F and 12F).

Because of his continuing pain and resulting limitations the claimant has become depressed. Signs of this problem have included feelings of hopelessness, irritability, impaired sleep, poor concentration and frustration.

HARVEY D. CANTRELL (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)                    Page 5 of 7

A psychological evaluation by Stephen G. Vincent, Ph.D. on October 10, 2001 showed that a mental status examination was normal, other than he was restless and tended to shift his posture from side to side due to complaints of pain in his lower extremities. Results from a WAIS-III showed that the claimant was functioning within the low average to borderline range of intellectual functioning. MMPI-II results showed distress that portrayed high levels of anxiety, depression, and somatic preoccupation. The claimant's preoccupation with his physical pain makes him irritable and agitated to the point that he has difficulty relating to others. Dr. Vincent diagnosed moderate depression, secondary to general medical condition, a pain disorder with both psychological factors and general medical condition, an adjustment disorder with depressed mood, and a low average to borderline intellectual functioning (Exhibit 7F).

The medical evidence shows that the claimant has mental impairments categorized as an affective disorder, borderline intellectual functioning, and a somatoform disorder. The claimant's mental impairments cause mild limitations of activities of daily living, moderate difficulties with social functioning, and moderate difficulties with concentration, persistence, and pace. There is no indication of any episode of decompensation (Part B of section 12.04, 12.05, and 12.07 of the Listings of Impairments in Appendix 1 to Subpart P of Part 404 of 20 CFR). The claimant does not satisfy the criteria for Section 12.04C.

The written evidence supports a finding that the claimant retains the residual functional capacity to perform work-related activities except for lifting and carrying more than 10 pounds occasionally and less weight frequently, and sitting, standing, and walking without alternating positions. He must be able to lie down as needed. Due to his depression, pain disorder, and borderline intellectual functioning he can only perform simple, routine, repetitive work.

In reaching this conclusion, the undersigned has considered the claimant's own subjective allegations and has found them generally credible and consistent with the record when considered in its entirety. Specific factors which support his credibility include the claimant's limited daily activities, history of medical treatment for the symptoms alleged, the clinical signs, symptoms, and findings. Consideration has been given the reports of treating, examining and non-examining medical sources.

Based upon the claimant's residual functional capacity, the Administrative Law Judge must determine whether the claimant can perform any of his past relevant work. The phrase "past relevant work" is defined in the Regulations at 20 CFR 404.1565. The work usually must have been performed within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the claimant to learn to do the job and meet the definitions of substantial gainful activity.

According to the vocational expert, the claimant's past work as a logger is considered semi-skilled and heavy work, and truck driver is semi-skilled and medium work. It was the testimony of the vocational expert at the time of the hearing that the claimant would have transferable skills in commercial driving and material handling.

However, it was the testimony of the vocational expert that if the claimant were limited as found by the undersigned, he would be unable to perform his past relevant work.

HARVEY D. CANTRELL (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)                              Page 6 of 7

As the claimant has demonstrated that he lacks the residual functional capacity to perform the requirements of any past relevant work, the burden shifts to the Social Security Administration to show that there are other jobs that the claimant can perform. This determination is made in conjunction with the medical-vocational guidelines of Appendix 2 of Subpart P of the regulations (20 CFR Part 404). Appendix 2 contains a series of rules that direct a conclusion of either "disabled" or "not disabled" depending upon the claimant's age, education, work experience, and residual functional capacity.

Born February 23, 1960, the claimant was 40 years old on July 1, 2000. For the purpose of this decision, he is considered to be a younger individual age 18-44. He has a limited education and has a semi-skilled work background.

Because of severe limitations resulting from the claimant's medically-established impairments, the occupational base within the range of even sedentary work has been significantly eroded and compromised, and there is not a significant number of jobs in the national economy that the claimant could perform. Section 201.00(h), Appendix 2, Subpart P, Regulations No. 4. The claimant cannot do sustained work-related physical and mental activities in a work-setting on a regular and continuing basis; i.e., 8 hours a day, 5 days a week, or an equivalent work schedule. Social Security Ruling 96-8p. The claimant is therefore disabled. This degree of severity has existed since July 1, 2000, and it continues through the date of this decision.

In accordance with a finding that the claimant has been under a disability beginning July 1, 2000, he is entitled to Disability Insurance Benefits on the basis of his application of February 26, 1996.

## FINDINGS

After careful consideration of the entire record, the Administrative Law Judge makes the following findings:

1.  The claimant has not engaged in substantial gainful activity since July 1, 2000.

2.  The medical evidence establishes that the claimant has the following severe impairments: bilateral plantar fasciitis, degenerative disc disease of the lumbar and cervical spine, borderline intellectual functioning, depression, and a somatoform disorder.

3.  The claimant has no impairment that meets or equals the criteria of any impairment listed in Appendix 1, Subpart P, Regulations No. 4.

4.  The claimant's assertions concerning his ability to work are credible.

5.  The claimant retains the residual functional capacity to perform work-related activities except for lifting and carrying more than 10 pounds occasionally and less weight frequently, and sitting, standing, and walking without alternating positions. He must be able to lie down

HARVEY D. CANTRELL (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)                    Page 7 of 7

as needed. Due to his depression, pain disorder, and borderline intellectual functioning he can only perform simple, routine, repetitive work.

6.   The claimant is unable to perform the requirements of his past relevant work.

7.   The claimant's residual functional capacity for the full range of sedentary work is reduced by additional limitations.

8.   On July 1, 2000, the claimant was a younger individual age 18-44.

9.   The claimant has a limited education.

10.  The claimant has a semi-skilled work background.

11.  Considering the claimant's additional limitations, he cannot make an adjustment to any work that exists in significant numbers in the national economy; a finding of disabled is therefore reached within the framework of Medical-Vocational Rule 201.00(h).

12.  The claimant has been under a disability, as defined in the Social Security Act, since July 1, 2000 (20 CFR §404.1520(f)).

### DECISION

It is the decision of the Administrative Law Judge that, based on the application filed on February 26, 1996, the claimant is entitled to a period of disability commencing July 1, 2000, and to Disability Insurance Benefits under sections 216(i) and 223, respectively, of the Social Security Act.

William E. Kumpe
_____
William E. Kumpe
Administrative Law Judge

AUG 2 9 2002
_____
Date

## LIST OF EXHIBITS

**Claimant:**    **HARVEY D CANTRELL**        **SSN:**    **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**

| Exh. No. | Part No. | Description | No. of Pages |
|---|---|---|---|
| | | **PAYMENT DOCUMENTS/DECISIONS** | |
| 1 | A | Initial Disability Determination by State Agency, Title II, dated 03/25/96 | 2 |
| 2 | A | Reconsideration Disability Determination by State Agency, Title II, dated 07/29/96 | 2 |
| | | **RECEIVED IN CONNECTION WITH COURT REMAND** | |
| 3 | A | Documents in Connection with Court Remand dated 05/10/01 | 58 |
| 4 | A | Initial Disability Determination by State Agency, Title II, dated 01/14/99 | 1 |
| | | **JURISDICTIONAL DOCUMENTS/NOTICES** | |
| 1 | B | Social Security Notice dated 03/29/96 | 5 |
| 2 | B | Request for Reconsideration filed 04/29/96 | 2 |
| 3 | B | Social Security Notice of Reconsideration dated 08/01/96 | 3 |
| 4 | B | Request for Hearing filed 08/12/96 | 2 |
| 5 | B | Copy of letter Vocational Expert, requesting attendance at hearing with resume | 6 |
| 6 | B | Social Security Notice dated 01/15/99 | 4 |
| 7 | B | Copy of Letter dated 03/14/02, to Morris Alex, Medical Expert, requesting attendance at hearing, with professional qualifications | 1 |
| 8 | B | Resume for Medical Expert | 4 |
| 9 | B | Copy of Letter dated 03/14/02, to Allan Barclay, Medical Expert, requesting attendance at hearing, with professional qualifications | 1 |
| 10 | B | Resume for Medical Expert | 29 |
| 11 | B | Copy of letter dated 03/14/02, to J. Stephen Dolan, Vocational Expert, requesting attendance at hearing | 1 |

## LIST OF EXHIBITS

**Claimant:** **HARVEY D CANTRELL**                    **SSN:** **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**

| Exh. No. | Part No. | Description | No. of Pages |
|---|---|---|---|
| 12 | B | Resume for Vocational Expert | 1 |
| 13 | B | Attorney Letter dated 08/15/02 (Amend Onset) | 1 |

## NON-DISABILITY DEVELOPMENT

| Exh. No. | Part No. | Description | No. of Pages |
|---|---|---|---|
| 1 | D | Leads/Protective Filing Worksheet dated 02/26/96 | 1 |
| 2 | D | Application for Disability Insurance Benefits filed 03/14/96 | 4 |
| 3 | D | Earnings record (dated/certified) 08/28/96 | 1 |
| 4 | D | Application for Disability Insurance Benefits filed 11/02/98 | 3 |
| 5 | D | Earnings record (dated/certified) 03/04/02 | 5 |
| 6 | D | DISCO DIB Insured Status Report--Informational Only | 2 |

## DISABILITY RELATED DEVELOPMENT AND DOCUMENTATION

| Exh. No. | Part No. | Description | No. of Pages |
|---|---|---|---|
| 1 | E | Disability Report dated 02/28/96 | 8 |
| 2 | E | Reconsideration Disability Report dated 04/24/96 | 4 |
| 3 | E | Supplement to SSA 3368 dated 06/14/96 | 1 |
| 4 | E | Personal Pain/Fatigue Questionnaire, dated 06/12/96 | 2 |
| 5 | E | Informational Supplemental Rationale-Vocational 07/25/96 | 1 |
| 6 | E | Residual Functional Capacity Assessment form dated 07/29/96 (DDS) | 8 |
| 7 | E | Claimant's Statement When Request for Hearing is Filed and the Issue is Disability | 2 |
| 8 | E | List of Medications | 1 |
| 9 | E | Claimant's Work Background | 1 |

# LIST OF EXHIBITS

**Claimant:**   HARVEY D CANTRELL                   **SSN:**   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

| Exh. No. | Part No. | Description | No. of Pages |
|---|---|---|---|
| 10 | E | Disability Report - Field Office dated 11/02/98 | 4 |
| 11 | E | Disability Report - Field Office | 4 |
| 12 | E | Disability Report | 6 |

### RECEIVED SUBSEQUENT TO COURT REMAND DATED 05/10/01

| Exh. No. | Part No. | Description | No. of Pages |
|---|---|---|---|
| 13 | E | Proffer dated 12/11/01 | 2 |
| 14 | E | Letter dated 12/26/01 | 1 |
| 15 | | Certificate of release or discharge from active duty | 1 |
| 16 | E | Proffer letter to attorney dated 07/24/02 | 2 |
| 17 | E | Letter dated 07/31/02 from attorney with attachment from claimant | 3 |

## MEDICAL RECORDS

| Exh. No. | Part No. | Description | No. of Pages |
|---|---|---|---|
| 1 | F | Medical Records dated 09/18/95-03/13/96 from VAMC | 8 |
| 2 | F | Neurological Consultative Examination dated 07/17/96 by John G. Yager | 2 |
| 3 | F | Medical Records dated 06/15/96 from VAMC | 1 |
| 4 | F | Medical Records dated 12/03/98 from unnamed source | 1 |
| 5 | F | Consultative Examination dated 01/06/99 by William L. Hall, M.D. | 2 |
| 6 | F | RFC - Residual Functional Capacity Assessment - Physical (completed by DDS physician) dated 01/14/99 | 8 |

### RECEIVED SUBSEQUENT TO COURT REMAND DATED 05/10/01

| Exh. No. | Part No. | Description | No. of Pages |
|---|---|---|---|
| 7 | F | Psychological Evaluation dated 10/10/01 by Stephen G. Vincent, Ph.D. | 8 |
| 8 | F | Orthopedic Consultative Examination dated 10/29/01 by Bruce T. Vest, Jr., M.D. | 6 |

DEPARTMENT OF THE TREASURY
BUREAU OF THE FISCAL SERVICE
P.O. BOX 1686
BIRMINGHAM, AL 35201-1686

047480



**ATTENTION:**
01/03/17     **YOUR SOCIAL SECURITY BENEFIT PAYMENT MAY BE REDUCED**
**THIS IS NOT A BILL**



HARVEY D CANTRELL
1331 S CLINTON RD
CASEYVILLE, IL 62232-2274

The federal agency named below notified the U.S. Department of the Treasury's Bureau of the Fiscal Service (Treasury) that you owe that agency a delinquent debt. Federal law (31 U.S.C. § 3716) requires Treasury to reduce the amount of your Social Security benefit payments to pay this debt, a process known as "offset." Beginning no sooner than 02/2017, Treasury will offset up to 15% of each of your monthly Social Security benefit payments until your debt is paid or otherwise resolved. Treasury will not reduce any of your payments to less than $750 for a non-tax debt. Your Social Security benefit payments will be reduced each month unless you contact the following agency and meet their requirements to stop the monthly reductions:

U.S. Department of Education       **800-621-3115**
FEDERAL OFFSET UNIT       **8006213115**
P.O. BOX 5227
GREENVILLE     TX 75403       Acct Num: 05332623924
      TIN Num: 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

The agency has previously sent notice to you at the last address known to the agency. The notice(s) included information on the amount and type of debt you owe, the rights available to you, and a statement of the agency's intent to collect the debt by reducing any federal payments made to you. The agency submitted your debt to Treasury for collection because you failed to pay or otherwise resolve the debt. The Social Security Administration and Treasury cannot answer your questions about a debt you owe to another federal agency. Only the agency to which you owe the debt can assist you in resolving it.

Please note that Treasury may reduce your Social Security benefit payments to collect more than one debt. If you owe debts to more than one federal agency, Treasury will apply the amounts deducted from your Social Security benefit payments to each debt in the order required by law. **IF YOU RECEIVE OTHER FEDERAL PAYMENTS, THEY MAY BE REDUCED TO PAY YOUR DELINQUENT DEBT WITHOUT ADDITIONAL NOTICE.**

U.S. Department of the Treasury
Bureau of the Fiscal Service
(800) 304-3107
Hearing impaired customers may utilize the Federal Relay Service by dialing (800) 877-8339 to reach a Communications Assistant (CA) who will dial the toll free number.

PAYEE NAME: HARVEY D CANTRELL       PAYEE TIN: 332623924
PAYING FEDERAL AGENCY:   Social Security Administration    PAYMENT DATE: 02/2017
PAYMENT TYPE: EFT       BENEFICIARY TIN: 332623924
CLAIM ACCT NUM: 332623924 A

For Official Use Only    0000025268 00000000026233429300000006004AWRN-SSAHARV025268
SW102914

